UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:17-cv-21528-UU

PEDRO VALENTIN MUNIZ GONZALEZ
and all others similarly situated under 29
I.S.C. 216(b),

    Plaintiff,
vs.

MOISES BAKERY OF MIAMI, INC., a/k/a
MOISES BAKERY, JOAQUIN BRAS,
JACQUELIN BRAS,

    Defendants.
-------------------------------------------------------------------/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendants MOISES BAKERY OF MIAMI, INC., d/k/a MOISES BAKERY, JOAQUIN BRAS, JACQUELIN BRAS, and file their Answer and Affirmative Defenses to the Plaintiff's Complaint as follows.

1- Allegation number 1, is admitted.

2- Allegation number 2, no knowledge and therefore denied.

3- Allegation number 3, is denied.

4- Allegation number 4, Defendant JOAQUIN BRAS admits he is a corporate officer and/or manager of Defendant Corporation, otherwise denied.

5- Allegation number 5, is denied.

6- Allegation numbers 6, Defendants do not presently possess sufficient information to formulate a response and therefore denied.

7- Allegation number 7, Defendants do not presently possess sufficient information to formulate a response and therefore denied.

8- Allegation number 8, Defendants admit, the Court has jurisdiction to hear cases brought under the Fair Labor Standard Act.

1

9- Allegation number 9, is admitted.

10- Allegation number 10, is denied.

11- Allegation number 11, Defendants admit they are in the bakery and the manufacturing of baked goods business and they utilize materials and goods which may have traveled in interstate commerce, otherwise denied.

12- Allegation number 12, Defendants admit they employ two or more employees for the relevant time period alleged in the complaint, otherwise denied.

13- Allegation number 13, Defendants admit they run and operate one or more bakery and a bakery warehouse in Miami Dade County, Florida, otherwise denied.

14- Allegation number 14, Defendants deny the corporation which employees the Plaintiff for the relevant time period had gross sales or business in excess of Five hundred thousand dollars annually.

15- Allegation number 15, Defendant deny the corporation which employed the Plaintiff did gross sales or business in excess of One hundred twenty-five thousand dollars for the first three months of the year 2017.

16- Allegation number 16, is denied.

17- Allegation number 17, is denied.

Further answering Plaintiff's Complaint and as separate Affirmative Defenses, Defendants allege as follows.

**FIRST AFFIRMATIVE DEFENSE**

Defendants jointly assert the Plaintiff PEDRO VALENTIN MUNIZ GONZALEZ has been paid in full for each and every hour he had worked including any overtime above and beyond forty (40) hours per week.  Plaintiff was paid at the rate of $12.50 per hour for the

first 40 hours and at the rate of $18.75 per hour for any additional time. Therefore, Plaintiff is owed nothing from these Defendants.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped from bringing any claim under the act alleging he is owed overtime. The Plaintiff signed receipt of each and every payment he received from the Defendants which at the Plaintiff's request were paid in cash. The Defendants reasonably relied on the receipts signed by the Plaintiff to their detriment.

## THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to a set off for all of the monies paid to the Plaintiff. The Plaintiff has been paid at the rate of $650.00 dollars per week, including 40 hours at $12.50 per hour and 8 hours at $18.75 per hour and is owed nothing from the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Both individual Defendants at all times relevant hereto, acted in good faith upon reliance of reasonable grounds and in compliance with Administrative Regulations, Orders, Rulings and Interpretations of Enforcement Policy of the Administrative of the Wage and Hour Division of the United States Department of Labor. Both Defendants reasonably concluded by virtual of the fact that Plaintiff was paid in cash for a flat 40 hours at $12.50 per hour, and 8 hours at $18.75 per hour, he was being paid all of the monies he was owed under all applicable laws.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff must be denied any relief because he comes into Court and files this claim based upon unclean hands. The Plaintiff suffered an automobile accident during some of the time for which he is claiming payment of overtime wages in this cause. The Plaintiff either reported he was unable to work to his treating physician and/or made claims to third parties or his own automobile insurance, for loss of wages or earnings. He is seeking to

recover money he has already received or for time he claimed to be unable to work under these proceedings. Under those circumstances, Plaintiff should be denied any relief herein.

### SIXTH AFFIRMATIVE DEFENSE

Any monies which the Plaintiff claims he is entitled to receive, which both Defendants specifically deny, are diminimus. The Plaintiff has been paid in excess of the monies he has actually earned and is entitled to receive, both under the applicable regular hours he worked and the overtime he claims and was paid in full at a rate of time and a half. As such, any unpaid time is so insubstantial as to be uncompensable.

WHEREFORE having responded to the Plaintiff's complaint, and filing their Affirmative Defenses, all Defendants including MOISES BAKERY OF MIAMI, INC., a/k/a MOISES BAKERY, JOAQUIN BRAS individually, and JACQUELIN BRAS individually, pray this Honorable Court enter Judgment in their favor and against the Plaintiff PEDRO VALENTIN MUNIZ GONZALEZ, who should go forth without day.

DATED this 9th day of May 2017.

    s/Manuel F. Fente, Esq.
Florida Bar No: 234737
mfente@fentelaw.com
Law Offices of Manuel F. Fente, P.A.
999 Ponce de Leon Boulevard
Tenth Floor, Suite #1010
Coral Gables, Florida 33134
Phone: (305) 379-4900/Facsimile: (305) 423-3212
Attorney for Defendants

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:17-cv-21528-UU

PEDRO VALENTIN MUNIZ GONZALEZ and all others similarly situated under 29 U.S.C. 216(b) v. MOISES BAKERY OF MIAMI, INC., a/k/a MOISES BAKERY, JOAQUIN BRAS, JACQUELIN BRAS


J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite #605
Miami Beach, Florida  33141